

# OFFICE OF THE DISTRICT ATTORNEY, Bronx County

---

**DARCEL D. CLARK**
*District Attorney*

**198 East 161st Street**
**Bronx, New York 10451**

**(718) 590-2000**

April 9, 2026

Hon. John G. Koeltl
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re:    *Campbell v. Miller,*
       25-cv-6001 (JGK)

Your Honor:

I represent respondent in the above-captioned habeas corpus proceeding. Respondent intends to file the state court transcripts and his answer and appendix electronically under seal and respectfully requests that the Court direct that those filings remain under seal. Respondent is not seeking to seal his memorandum of law.

New York Civil Rights Law § 50-b(1) provides that the identity of the victim of a sex offense "shall be confidential." In turn, a public officer or employee may not make available for public inspection any record identifying the victim of a sex offense. Wrongful disclosure of such records can expose a public employee to civil liability. *See* New York Civil Rights Law § 50-c. Petitioner stands convicted of first-degree rape and criminal sexual act. Moreover, the indictment charged a codefendant with raping a second victim, who testified at petitioner's trial. In addition, one of the issues raised in the petition is the seating of a juror who also asserted that she had been sexually assaulted. Two more witnesses at trial testified to being forced into prostitution. Accordingly, the state court records in this case are not available for public inspection in state court. Respondent requests that this Court keep those records confidential as well.

Although there is a presumption of public access to Court documents, the presumption may be overcome by a showing that countervailing interests require restricted access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The weight to be accorded the presumption depends on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 119. Here, the presumption of public access to the state court records is outweighed by compelling interests in protecting the privacy of sexual assault victims and in comity between the state and federal governments.

APPLICATION GRANTED
SO ORDERED

4/9/26

John G. Koeltl, U.S.D.J.

Foremost, there is an important policy interest in protecting the privacy of sex crime victims. New York recognizes this interest through, *inter alia*, the protections afforded by Civil Rights Law § 50-b. The federal Constitution also recognizes that interest. The Second Circuit has explained that a sex abuse victim's status as such is "highly personal" information protected by constitutional privacy interests. *See Sealed Plaintiff #1 v. Farber*, 212 Fed.Appx. 42, 43 (2d Cir. 2007)(internal citations omitted). Indeed, the Court has stated that only a "substantial...interest in disclosure" will overcome a presumption *against* "dissemination" of such information. *Ibid.* In turn, district courts in this Circuit have found that "details of a sexual assault" are one of the "very limited circumstances" warranting constitutional privacy protections. *Doe v. Putnam County*, 344 F.Supp.3d 518, 540-41 (S.D.N.Y. 2018)(citing cases).

Furthermore, federal-state comity pervades habeas review. *See, e.g.*, *Davila v. Davis*, 582 U.S. 521, 527-28 (2017)(comity underlies the adequate state ground and exhaustion doctrines) (*citing McCleskey v. Zant*, 499 U.S. 467, 493 (1991)); *Davis v. Ayala*, 576 U.S. 257, 266-68 (2015)(comity requires a lower standard for harmless error); *Skinner v. Switzer*, 562 U.S. 521, 541-42 (2011)(comity underlies exhaustion requirement and deference accorded to state court determinations); *Murray v. Carrier*, 477 U.S. 478, 518 (1986)(procedural default doctrine is based on comity). That comity calls for accommodation of New York law protecting the confidentiality of sex-offense victims.

Moreover, filing a redacted record may not comply with New York's process for disclosing confidential records. New York Civil Rights Law § 50-b(2) sets forth a disclosure process that does not contemplate disclosing redacted documents. And, in an open records case, the New York Court of Appeals held that state officers cannot comply with requests for confidential documents by disclosing redacted versions of those records. *See Matter of N.Y. Civ. Liberties Union v. N.Y.C. Police Dept.*, 32 N.Y.3d 556, 566-70 (2018)(ruling on the since-repealed Civil Rights Law § 50-a, which made police personnel records confidential). The court explained that disclosure of redacted documents is impermissible because it departs from the process for disclosure set forth in the Civil Rights Law. *Ibid.* In any event, it is impractical to redact identifying information from the state court records. The transcripts of the state court proceedings run to more than 1,400 pages. Similarly, respondent's appendix runs to more than 1,100 pages. The names of the victims of just the assaults charged in the indictment appear hundreds of times across these records, which may well contain other information that "tends to identify" the victims. *See* Civil Rights Law § 50-b(1).

Accordingly, to protect the privacy of the aforementioned sexual assault victims and ensure compliance with state law, respondent respectfully requests that the state court transcripts and respondent's answer and appendix remain under seal. Importantly, respondent's memorandum of law has been prepared so as not to contain identifying information, and respondent will file the memorandum publicly. Thus, the substance of respondent's answer to the petition will be available for public review and allow for evaluation of the case's resolution. Respondent submits that proceeding in this manner appropriately balances the interests of openness and the privacy of sexual assault victims.

Because petitioner is an incarcerated, *pro se* litigant, I am unable to seek his consent to this request.

Thank you for your consideration.

Respectfully submitted,

Christopher P. Marinelli
Assistant District Attorney
718-838-6589
marinellich@bronxda.nyc.gov

3

DECLARATION OF SERVICE

Christopher P. Marinelli, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that, on April 9, 2026, he served a copy of the attached letter request to file records under seal by mailing it via the United States Postal Service to petitioner at the following address:

Ross Campbell
10-A-5644
Green Haven Correctional Facility
594 Rt. 216
Stormville, New York 12582

Executed on April 9, 2026

Christopher P. Marinelli (CM-7476)
Assistant District Attorney
Bronx County District Attorney's Office
198 East 161st Street
Bronx, NY 10451
(718) 838-6589
marinellich@bronxda.nyc.gov